1

2

3

4

5

6

7

8          **IN THE UNITED STATES DISTRICT COURT**

9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   JOHN PENN BIVINS,                              No.  2:18-CV-2671-JAM-DMC-P

12                  Plaintiff,

13          v.                                             ORDER

14   MARCO RODRIGUEZ, et al.,

15                  Defendants.

16

17          Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18   42 U.S.C. § 1983.  Pending before the court is plaintiff's motion for the appointment of counsel

19   (ECF No. 46).

20          The United States Supreme Court has ruled that district courts lack authority to

21   require counsel to represent indigent prisoners in § 1983 cases.  See Mallard v. United States Dist.

22   Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the

23   voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  See Terrell v. Brewer, 935

24   F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

25   A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success

26   on the merits and the ability of the plaintiff to articulate his claims on his own in light of the

27   complexity of the legal issues involved.  See Terrell, 935 F.2d at 1017.  Neither factor is

28   dispositive and both must be viewed together before reaching a decision.  See id.  In Terrell, the

1

Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim. The facts he alleged and the issues he raised were not of substantial complexity. The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

> Id. at 1017.

In the present case, the court does not at this time find the required exceptional circumstances. In his motion, plaintiff alleges the following constitute exceptional circumstances: (1) his lack of funds; (2) his lack of legal education; (3) his incarceration; (4) the complexity of the issues involved in this case; and (5) the likelihood of conflicting testimony. The court finds these circumstances are not exceptional but represent circumstances common to almost every prisoner bringing a lawsuit in federal court. It is clear based on the totality of the record in this case that plaintiff is able to sufficiently articulate his positions on his own. Moreover, the issues presented in this case, which involve the alleged use of excessive force by police officers during the course of an arrest, are not overly complex. For these reasons, plaintiff has not demonstrated exceptional circumstances warranting appointment of counsel.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request for the appointment of counsel (ECF No. 46) is denied.

Dated: May 23, 2019

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

2